FILED
SUPERIOR COURT
OF GUAM

2022 NOV 17 PM 4: 57

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM, MICHAEL J. B. BORJA, in his capacity as Director of Land Management,<br><br>Plaintiff,<br><br>and<br><br>GUAM WATERWORKS AUTHORITY, a Guam Public Corporation,<br><br>Plaintiff-Intervenor,<br><br>vs.<br><br>CORE TECH INTERNATIONAL CORPORATION, YOUNEX ENTERPRISES CORPORATION,<br><br>Defendants. | Superior Court Case No. <u>CV1198-18</u><br><br><br>**DECISION AND ORDER DENYING GWA'S MOTION TO AMEND GWA'S REPLY TO DEFENDANT'S COUNTERCLAIMS** |
| CORE TECH INTERNATIONAL CORPORATION,<br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM, MICHAEL J.B. BORJA, in his capacity as Director of Land Management, and GUAM WATERWORKS AUTHORITY, a Guam Public Corporation,<br><br>Counterclaim Defendants. | |

# ORIGINAL

The Court here considers Counterclaim Defendant Guam Waterworks Authority's (GWA) motion to amend its Reply to Counterclaim Plaintiff Core Tech International Corporation's counterclaims to assert two additional affirmative defenses. Having reviewed the briefs and the parties' arguments, the Court determines that Guam Rule of Civil Procedure 16(b)(4) applies to GWA's untimely application and that GWA fails to meet that Rule's good cause standard. GWA's motion is therefore DENIED.

## I.    PROCEDURAL BACKGROUND

The Government of Guam filed a Petition to Cancel and Amend Certificate of Title on December 17, 2018, naming Core Tech as a defendant. The Court issued a Scheduling Order on March 6, 2019, which specified a July 1, 2019 deadline for motions to amend the pleadings. GWA later moved to intervene, which the Court granted. Mot. Intervene (Mar. 25, 2019); Order Granting Mot. Intervene (Mar. 28, 2019). In the Order Granting the Motion to Intervene, the Court held that "GWA is now bound by the March 6, 2019 Scheduling Order and Discovery Plan." GWA subsequently filed its Petition to Quiet Title on April 17, 2019.

On November 26, 2019, Core Tech moved for leave to amend its Answer. Neither the Government nor GWA opposed the motion.[1] Core Tech Mot. Leave to Amend (Nov. 25, 2019). The Court granted Core Tech's request, and Core Tech filed its Amended Answer on January 10, 2020. Order (Jan. 8, 2020); Am. Ans & Countercl. (Jan. 10, 2020). Core Tech later filed a Second Amended Answer--identical to the January 10, 2020 Amended Answer--to cure an error.[2] Second Amended Ans; Countercls. (July 6, 2020). Thereafter, the Court issued a Second

---

[1] At a status hearing on December 11, 2019, GWA and the Government advised that oppositions would be filed, but they never were. Order (Jan. 8, 2020).

[2] The claims were initially captioned as "crossclaims" instead of "counterclaims" and were subsequently corrected in the Second Amended Answer.


ORIGINAL

Amended Order Setting Trial Schedule with a discovery deadline of October 19, 2020, that was later extended until November 2, 2020. Order (Aug. 14, 2020); Stip. and Order (Oct. 12, 2020).

On April 2, 2021, GWA and the Government filed separate motions for summary judgment on Core Tech's counterclaims. Mot. Summ. J. (April. 2, 2021); Mem. P. & A. in Support of Mot. Summ. J. (Apr. 2, 2021). The Court issued a Decision and Order on November 30, 2021. Dec. & Order (Nov. 30, 2021). Following the November 30, 2021 D&O, GWA petitioned the Guam Supreme Court for permission to file an interlocutory appeal. GWA Pet. (Jan. 3, 2022). The Guam Supreme Court denied GWA's petition. CVA22-001 (Order (May 27, 2022)).

GWA now seeks to amend its Reply to add two affirmative defenses: "9. CTIC's claims are barred by the doctrine of res judicata" and "10. CTIC's claims are barred because its predecessor-in-interest extinguished and released any and all claims regarding the property." Mot. Amend at 2 (July 13, 2022). GWA argues that the information supporting the proposed affirmative defenses emerged after and based on the November 30, 2021 D&O. *Id.* at 10. Conversely, Core Tech argues that the information on which GWA relies has been known to GWA since its April 27, 2019 Petition. Opp. Mot. Leave to Amend at 6 (Aug. 10, 2022). The Court heard oral argument on September 27, 2022, and took the motion under advisement.

## II.   <u>LAW AND DISCUSSION</u>

### A. Rule 16 applies to GWA's motion.

An affirmative defense must be pled in a party's Answer, and failure to so plead constitutes a waiver of that affirmative defense. GRCP 8(c); *Palmer v. Mariana Stones Corp.*, 2021 Guam 5 ¶ 16. If a party wishes to amend its answer, Guam Rule of Civil Procedure 15(a)[3]

---

[3] "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at

generally governs. However, "when a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleading has expired, the moving party must satisfy the 'good cause' standard under GRCP 16(b)(4)—not the standard under GRCP 15(a)." *Palmer*, 2021 Guam 5 ¶ 22. This "good cause standard primarily considers the diligence of the party seeking the amendment[,]" and "[a]mendment should not be permitted if the moving party cannot show diligence." *Id.* (internal quotes omitted). Further, the Ninth Circuit case that the Guam Supreme Court referenced in explaining this good cause standard explained that "[t]he simple fact that [an] [] attorney[] filed pleadings and conducted discovery but failed to pay attention to the response they received...is precisely the kind of case management that Rule 16 is designed to eliminate." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

GWA misguidedly applies Rule 15(a), instead of 16(b)(4). The scheduling order allowed a party to seek an amendment up until July 1, 2019; it is now over three years past this deadline. Since GWA's motion postdates the Scheduling Order deadline, the Rule 16(b)(4) standard now applies. Additionally, in its Reply brief, GWA asserts that it should be subject to Rule 15(a) because that standard was applied to Core Tech's Motions for Leave to Amend. Reply Mot. Leave to Amend at 3 (Aug. 24, 2022). However, Core Tech's Second Amended Answer and Counterclaims were filed on July 6, 2020--prior to *Palmer's* clarification of the applicable standard. *Palmer*, 2021 Guam 5 (issued on June 25, 2021); Second Amended Ans. Further, GWA (and the Government) posed no opposition to Core Tech's Motion for Leave to File an Amended Answer, and Core Tech's Second Amended Answer merely cured a defect in its prior answer.

---

any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." GRCP 15(a).



In summary, Rule 16(b)(4) governs this Court's analysis. The Court now proceeds to GWA's arguments that it exercised diligence and is entitled to assert these affirmative defenses.

### B. GWA has not demonstrated diligence.

GWA generally contends the November 30, 2021 D&O served as the precipice for a "continued investigation." It argues that "[t]he factual allegations and the corresponding affirmative defenses that GWA seeks to add have only emerged after GWA's continued investigation..." Mot. Leave to Amend at 10.  However, in asserting the factual basis for these newfound affirmative defenses, GWA's motion cites both its attorney's April 2, 2021 Declaration (Clark Declaration) and the November 30, 2021 D&O. As to the facts based on the Clark Declaration, no additional investigation or delay was necessary in order for GWA to assert the affirmative defenses. *Id.* 12–16.

Moreover, notwithstanding the November 30, 2021 D&O, it appears each affirmative defense could have been raised much earlier. First, GWA provides two items as the bases for the res judicata defense:  (1) 48 U.S.C. § 1424c(a) barred the claims and (2) the "U.S. government compensated Core Tech's predecessors in interest." Mot. Leave to Amend at 14. As it relates to the federal law argument, it cannot reasonably be argued that a review of the U.S. Code resulting in the determination of additional affirmative defenses three-and-a-half years after entering a lawsuit qualifies as diligence. As it relates to the compensation of Core Tech's predecessors, GWA argues Exhibit A of the Clark Declaration (a copy of the Judgment on Declaration of Taking filed with the Department of Land Management) shows this compensation. *Id.* at 14–15. This exhibit is a public record and has been filed in this case since April 2, 2021. Clark Decl. Ex. A (April 2,  2021). Also, in its Petition to Quiet Title, GWA referenced various other documents related to the chain of title of this property, including items filed with the Department of Land Management. *See generally* Pet. Quiet Title (Apr. 17, 2019). GWA has not provided a



reason for not reviewing this document during the initial review of the records filed with the Department of Land Management. This means that had it practiced diligence, GWA knew, or would have known, the information necessary to a res judicata affirmative defense when it filed the Petition to Quiet Title over three years ago.

Second, GWA similarly bases its release of claims defense on the release executed by the Torres Estate, arguing that the "Certificate of Extinguishment and Release of Ancestral Title Claim" (the Release) associated with the Torres Estate released all claims, including those brought by Core Tech. Mot. Amend at 2, 15. GWA argues that Core Tech, as the successor in interest to the Torres Estate, is bound by those releases. *Id.* at 15. The Torres Estate Deed was a quitclaim deed that transferred the property to the Torres Estate. Clark Decl. Ex. L. Included in the quitclaim deed is a reference to the Torres Estate's "permanent extinguishment and termination of all claims to all other properties held by the Guam Ancestral Lands Commission." *Id.* at 12. Similarly, the Release itself provides the same material information as the Torres Estate Deed; however, the Release is signed by a representative for the Torres Estate and provides additional information regarding lot numbers. *Id.*; GWA Req. Jud. Notice Ex. A (Aug. 24, 2022). As it relates to the diligence of GWA, the "Certificate of Extinguishment and Release of Ancestral Title Claim" document does not appear to have been filed in this case prior to the Motion for Leave to Amend; however, it, also, is a public record filed with the Department of Land Management. GWA Req. Jud. Notice Ex. A; *see* Mot. Amend at 17. Additionally, references to the Torres Estate were included in the Government's Petition to Cancel and Amend Certificates of Title and GWA's Petition to Quiet Title, and the Torres Deed itself was included in the April 2021 Clark Declaration. Pet. Cancel and Amend Cert. Title at 5; Pet. Quiet Title at 3; Clark Decl. Ex. L. Similar to Exhibit A, this means that GWA would have known about this information before even entering this case on April 17, 2019, had it acted with diligence.



ORIGINAL

In summary, GWA has not shown the required diligence to meet the good cause standard. GWA argues that it was diligent because it realized the presence of these issues after the November 30, 2021 D&O and a continued investigation, and then filed this Motion to Amend one month after the Supreme Court denied the request for interlocutory appeal of the order. Mot. Amend at 10. However, as explained above, it either knew or should have known if it acted diligently about the basis for these defenses before it even entered this case. Therefore, GWA's focus on the November 30, 2021 D&O and subsequent appeal is unconvincing. Further, discovery in this case closed nearly two years ago--on November 2, 2020. The simple fact that GWA's attorney "failed to pay attention" to the documents and information that it was filing does not constitute a showing of diligence. Therefore, GWA fails to meet the good cause standard for leave to amend because its review of information years after it knew or should have known cannot constitute diligence.

Finally, in support of its motion, GWA incorrectly argues that good cause under Rule 16(b)(4) is not limited to a party's diligence. Reply Mot. Leave to Amend at 3. GWA argues that the "rights of the parties, the ends of justice, and judicial economy" can be included in the Rule 16(b) analysis. *Id.* However, the case law cited by GWA is unclear as to when or if consideration of these additional items can take place; even further, the consideration of these items would be directly at odds with the Guam Supreme Court's decision in *Palmer.* For example, the case cited by GWA to show that the "rights of parties, the ends of justice, and judicial economy" may be considered is *Kendrick v. Cnty. of San Diego*, 2017 WL 2692903 *3 (S.D. Cal. June 22, 2017), a federal District Court Case. *Kendrick* cites *U.S. v. Dang*, 488 F.3d 1135, 1142–43 (9th Cir. 2007), which included minimal discussion on this issue and concluded that the application of these additional items in the case it reviewed did not constitute an abuse of discretion. *Dang* did not endorse the use of these factors and even stated that the Court could



have properly denied the amendment for failure to show diligence. *Id*. And again, the review of these items when diligence has not been met would directly contrast the holding in *Palmer* that "[a]mendment should *not* be permitted if the moving party cannot show diligence." 2021 Guam 5 ¶ 22 (emphasis added). Therefore, the additional factors that GWA proposes will not be applied by the Court.

## III.    <u>CONCLUSION AND ORDER</u>

The Rule 16(b)(4) standard applies to this Motion to Amend. That Rule provides a good cause standard that primarily focuses on the diligence of the moving party. GWA has failed to show they acted diligently in presenting its motion, as it relies on have been previously filed in this case and are public record. Therefore, the Court DENIES GWA's Motion to Amend its Reply to Core Tech's counterclaims.

SO ORDERED this 17th day of November 2022.

**ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:

Date: _____ Time: _____

Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
James L. Canto, II, Esq., Assistant Attorney General, Office of the Attorney General, for the Government of Guam and the Director of Land Management
Theresa G. Rojas, Esq., Guam Waterworks Authority, Vincent Leon Guerrero, Esq., Law Office of Vincent Leon Guerrero, and Rodney Jacob, Esq., Calvo, Fisher & Jacob, for Guam Waterworks Authority
Vanessa L. Williams, Esq., Law Office of Vanessa L. Williams, for Core Tech International Corporation

ORIGINAL